## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

ALEIDA SUYAPA RUEDA-
  ESPINAL,

    *Defendant–Movant*;

v.

UNITED STATES OF AMERICA,

    *Plaintiff–Respondent.*

Criminal No. 7:17-1281-2

Civil No. 7:19-86

## UNITED STATES' RESPONSE TO DEFENDANT'S
## 28 U.S.C. § 2255 MOTION, AND REQUEST FOR
## A LIMITED EVIDENTIARY HEARING

In her pro se 28 U.S.C. § 2255 motion, Aleida Suyapa Rueda-Espinal variously alleges that her trial counsel provided constitutionally ineffective assistance of counsel. Civ. Doc. 1.[1] For the reasons explained below, the Government respectfully requests that this Court order an evidentiary hearing strictly limited to Rueda-Espinal's claim that counsel failed to file a requested notice of appeal. The Court should deny the remainder of the motion.

---

[1] "Crim. Doc." refers to docket entries in Criminal No. 7:17-1281-2. "Civ. Doc." refers to docket entries in Civil No. 7:19-86.

## I.      Statement of the Case

### A.      Indictment and Guilty Plea

In August 2017, a federal grand jury returned a five-count indictment against Rueda-Espinal and three codefendants—one of whom was Rueda-Espinal's husband—related to their involvement in an alien-smuggling organization. Crim. Doc. 15; *see* Crim. Doc. 104, at 20 (PSR ¶ 82). Rueda-Espinal only was charged in Count 4: conspiracy to transport aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), and (a)(1)(B)(i). Crim. Doc. 15, at 3.

In November 2017, Rueda-Espinal agreed to plead guilty to this count. Crim. Doc. 93. In exchange, the Government agreed to recommend a two-level Guidelines reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility and a two-level downward departure under § 5K3.1 for the case's early disposition. *Id.* at 1. The plea agreement, which did not contain an appeal waiver, stated that there were "[n]o other promises or inducements . . . in connection with this case[.]" *Id.*

That same day, Rueda-Espinal pleaded guilty before this Court (Alvarez, J.). Crim. Doc. 146. At rearraignment, the Court provided the required admonishments under Federal Rule of Criminal Procedure 11. *See*

*generally id.* As particularly relevant, the Court advised Rueda-Espinal that it alone would decide her sentence, including the applicable Guidelines range. *Id.* at 21–25. It emphasized that her lawyer could not "tell [her] how much time [she] will actually get because" the Court was "the one that decides it." *Id.* at 21. And it twice explained that it had the authority to select a sentence that could be up to the statutory maximum of 10 years' imprisonment. *Id.* at 21–22, 24.

Rueda-Espinal repeatedly confirmed that she understood the Court's admonishments. *Id.* at 22, 24–25. The Court later accepted her guilty plea. *Id.* at 55–56.

### B.    PSR and Objections

A U.S. Probation Officer prepared a presentence report (PSR). Crim. Doc. 104. Using the 2016 version of the Guidelines, the officer calculated Rueda-Espinal's total offense level to be 25. *Id.* at 14–15 (PSR ¶¶ 53, 62). This level incorporated a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. *Id.* at 15 (PSR ¶ 61).

Most relevant here, Rueda-Espinal's total offense level also included a four-level aggravating-role enhancement under § 3B1.1(a). *Id.* at 15 (PSR ¶ 58). According to the probation officer, Rueda-Espinal—

along with her codefendant-husband—was a leader of the alien-smuggling organization because "[s]he was in charge of the financial aspects" and "was also responsible for receiving the undocumented aliens in Houston, Texas, for further transport." *Id.*

Based on a total offense level of 25 and criminal history category of III, the probation officer calculated Rueda-Espinal's Guidelines range to be 70 to 87 months' imprisonment. *Id.* at 21 (PSR ¶ 92). The officer noted that this range would drop to 63 to 78 months' imprisonment should Rueda-Espinal receive the additional one-level reduction under § 3E1.1(b) for acceptance of responsibility. *Id.*

Through her counsel (Oscar Alvarez), Rueda-Espinal filed numerous factual and legal objections to the PSR's Guidelines calculations. Crim. Doc. 99. As particularly relevant, she argued that the Court should not apply any aggravating-role enhancement because she merely was an "average participant in the case." *Id.* at 2. Putting together this objection and others, she contended that her total offense level should be 11, resulting in a Guidelines range of 8 to 14 months' imprisonment. *Id.* at 3.

### C.    Sentencing

At the outset of sentencing, Rueda-Espinal confirmed that she had reviewed the PSR with her counsel. Crim. Doc. 172, at 3–4.

The Government then moved for the additional one-level reduction under U.S.S.G. § 3E1.1(b) for acceptance of responsibility, and a two-level downward departure under § 5K3.1 for early disposition. *Id.* at 4. The Court granted these motions, noting Rueda-Espinal's revised Guidelines range to be 51 to 63 months' imprisonment. *Id.*

At length, Rueda-Espinal's counsel reiterated his objection to the PSR's recommended aggravating-role enhancement under § 3B1.1(a). *Id.* at 5–8. He argued that "[t]he PSR has almost no facts to back up" its assertion that Rueda-Espinal's role in the conspiracy was "that of the money manager or the money administrator for this alien trafficking organization." *Id.* at 5. According to counsel, her actions were solely directed by her codefendant-husband. *Id.* at 6.

The Government responded that Rueda-Espinal had consistently "minimized her role in this enterprise." *Id.* at 9. It detailed the evidence showing her extensive involvement. *Id.* at 9–14. As an example, the Gov-

ernment summarized a phone call in which Rueda-Espinal told a coconspirator that "she was missing money" that she needed "to pay for the driver." *Id.* at 12, 13.

Rueda-Espinal's counsel conceded that she had "received and sent money," but asserted that it "doesn't make her a money manager and that four-point enhancement is a big deal for something where her role was somewhat limited." *Id.* at 17–18.

After considering the evidence and arguments, the Court partially sustained Rueda-Espinal's objection to the aggravating-role enhancement. *Id.* at 19. It agreed with the Government that Rueda-Espinal was attempting to minimize her role, which was "more than just receiving occasional money to be forwarded to somebody else[.]" *Id.*; *see also id.* at 18–19 (citing evidence). Rather, the Court continued, "she was doing some of the direct dealings as well as the money aspect of it." *Id.* at 19.

Even so, the Court agreed not to apply the recommended four-level aggravating-role enhancement under § 3B1.1(a). *Id.* Instead, it applied a three-level enhancement under § 3B1.1(b). *Id.*

With this adjustment, the Court calculated Rueda-Espinal's total offense level to be 21. *Id.* at 26. Based on a criminal history category of

III, her final Guidelines range was 46 to 57 months' imprisonment. *Id.* The Court sentenced her at this range's low end to 46 months. *Id.* at 32.[2]

Finally, the Court advised Rueda-Espinal that she needed to tell her attorney if she wished to file an appeal. *Id.* It explained that she had fourteen days to file her notice of appeal, and that she would be appointed appellate counsel if necessary. *Id.* at 32–33.

### D.  Judgment

The court entered judgment on April 27, 2018. Crim. Doc. 155, at 1. Rueda-Espinal did not appeal. Her conviction became final on May 11, 2018, her deadline for filing a direct appeal. *E.g.*, *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012).

### E.  Postconviction

On March 18, 2019, Rueda-Espinal filed the current pro se motion under 28 U.S.C. § 2255. Civ. Doc. 1.[3] Liberally construed (and reorganized based on that liberal construction), her motion alleges that her counsel provided constitutionally ineffective assistance by:

---

[2]     Based on Rueda-Espinal's imminent deportation, the Court did not impose any term of supervised release. *Id.*

[3]     Rueda-Espinal's motion is timely because it was filed within one year of her conviction's finality. *E.g.*, *Scruggs*, 691 F.3d at 669.

(1)   Providing "false information[,]" before Rueda-Espinal agreed to plead guilty, that she would receive a sentence somewhere between zero to six months' imprisonment (*id.* at 8);

(2)   Failing to allow her to review discovery in her case (*id.* at 4, 13);

(3)   Failing to allow her to review and object to the PSR (*id.* at 4, 13);

(4)   "[F]ailing to make strong objections to" the PSR's assigned "leadership role" (*id.* at 5; *see also id.* at 14); *and*

(5)   Failing to file a notice of appeal as requested and, relatedly, to discuss appellate options (*id.* at 6, 15).

Notably, Rueda-Espinal does not seek to vacate her guilty plea. Instead, she merely seeks "a sentence reduction" or "the opportunity to an Appeal." *Id.* at 11, 15. She also requests an evidentiary hearing. *Id.* at 11, 15.

Following this Court's order, Rueda-Espinal's (now-former) counsel filed an affidavit addressing these claims. Civ. Docs. 6, 7.

## II.   Law: Ineffective Assistance of Counsel

An ineffective-assistance claim is "governed by the two-prong test provided in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Chanthakoummane v. Stephens*, 816 F.3d 62, 69 (5th Cir. 2016). The first

prong requires the movant to demonstrate "that his counsel's performance was deficient." *Id.* (quotation marks omitted). "Establishing deficient performance requires a showing that counsel's representation fell below an objective standard of reasonableness." *Id.* (quotation marks and alterations omitted). "In evaluating this question," courts must "make every effort to eliminate the distorting effects of hindsight, and attempt to adopt the perspective of counsel at the time of the representation." *Id.* (quotation marks omitted).

Courts thus must not "insist counsel confirm every aspect of the strategic basis for his or her actions." *Harrington v. Richter*, 562 U.S. 86, 109 (2011). Rather, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Id.* (quotation marks omitted); *see also Chanthakoummane*, 816 F.3d at 69 (reciting the "strong presumption that counsel's conduct falls within the range of reasonable professional assistance" (quotation marks omitted)).

"*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington*, 562 U.S. at 110 (quotation marks omitted). "The question is whether an attorney's representation

amounted to *incompetence* under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* at 105 (emphasis added; quotation marks omitted).

Under *Strickland*'s second prong of prejudice, "a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 104 (quotation marks omitted). A defendant cannot make this showing merely by showing "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* (quotation marks omitted). When a defendant claims ineffective assistance at sentencing, he or she must show a reasonable probability of a lesser sentence but for counsel's purported failing. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

If a movant cannot prove one of the two prongs, this Court may deny relief without analyzing the other. *United States v. Bejarano*, 751 F.3d 280, 286 (5th Cir. 2014) (per curiam). In fact, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . , that course should be followed." *Strickland*, 466 U.S. at 697; *accord, e.g.*, *Sanchez v. Davis*, 936 F.3d 300, 306 (5th Cir. 2019), *cert. denied*, 2020 WL 1325983 (U.S. Mar. 23, 2020).

Finally, a pro se § 2255 motion (like Rueda-Espinal's) is entitled to be construed liberally. *E.g.*, *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (per curiam). But a pro se movant still must provide sufficient facts to support the motion's claims. *See id.* "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (quotation marks omitted). Additionally, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (per curiam).

## III.  Argument

Whether for failure to establish deficient performance or prejudice, Rueda-Espinal's first four ineffective-assistance claims fail. As to her fifth claim, a limited evidentiary hearing is necessary.

### A.    Falsely Promising a Particular Sentence

Rueda-Espinal first argues that counsel was ineffective by falsely promising her that, if she pleaded guilty, she would receive a prison sentence of zero to six months' imprisonment. Civ. Doc. 1, at 8. This claim is meritless.

Rueda-Espinal's conclusory assertion fails to establish deficient

performance. *See Pineda*, 988 F.2d at 23; *Ross*, 694 F.2d at 1011. In detail, counsel thoroughly contradicts her assertion in his sworn affidavit. He unambiguously states that he "never represented or promised [Rueda-Espinal] the exact sentence the Court was going to impose." Civ. Doc. 7, at 2. Instead, he "reviewed with [her] the statutory range of punishment and the Federal Sentencing Guidelines as it may apply to her case[.]" *Id.* As to the latter, he "did various calculations of the guidelines with her including what sentence she may be looking at if the Court applied an aggravating role versus one with no role adjustment." *Id.* Finally, he discussed with her "the other adjustments / variances available under the guidelines" and the 18 U.S.C. § 3553(a) sentencing factors. *Id.*

The record supports counsel's affidavit. Rueda-Espinal's plea agreement, which she signed, contained no promises or assurances of a zero-to-six-month sentence. Crim. Doc. 93. And it expressly stated that "[n]o other promises or inducements" had been made in connection with her plea. *Id.* at 1.

The Court's admonishments at rearraignment provide additional confirmation. The Court repeatedly advised Rueda-Espinal that it alone

would decide her sentence. Crim. Doc. 146, at 21–22, 24–25. That sentence, the Court explained, could be anything up to the statutory maximum of ten years' imprisonment. *Id.* at 21–22, 24. And even more, it directly told Rueda-Espinal that her counsel could not "tell [her] how much time [she] will actually get because" it was "the one that decides it." *Id.* at 21.

At each step, Rueda-Espinal confirmed—under oath—that she understood the Court's admonishments. *Id.* at 22, 24–25. Her conclusory claim to the contrary cannot overcome the "strong presumption of verity" attached to her "[s]olemn declarations in open court." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Yet even if Rueda-Espinal somehow could establish deficient performance, her failure to allege prejudice—much less prove it—equally dooms her claim. *See Day v. Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009) ("Day's mere allegation of inadequate performance during cross-examination is thus conclusory and does not permit the Court to examine whether counsel's failure prejudiced her."). Notably, she does not seek to vacate her guilty plea, the logical relief for a defendant who claims that he or she was wrongly persuaded to plead guilty. *See, e.g.*, *Lee v. United*

*States*, 137 S. Ct. 1958, 1962 (2017). Instead, she seeks "a sentence re-duction." Civ. Doc. 1, at 11. So for this particular claim, she necessarily cannot show the requisite reasonable probability that she "would not have pleaded guilty and would have insisted on going to trial." *Lee*, 137 S. Ct. at 1965 (quotation marks omitted). Accordingly, whether for failure to establish deficient performance or prejudice, this first claim fails.

## B.    Failing to Allow Rueda-Espinal to Review Discovery

Next, Rueda-Espinal contends that counsel was ineffective by fail-ing to allow her to review her case discovery. Civ. Doc. 1, at 4, 13. This claim likewise fails.

Rueda-Espinal again cannot establish any deficient performance. Here too, counsel's sworn affidavit contradicts her claim. According to counsel, he "met with Ms. Rueda-Espinal on multiple occasions to discuss the facts of the case and any defenses she may have." Civ. Doc. 7, at 1. In doing so, he "reviewed all the discovery with her[,]" which "included all witness statements and statements made against her by cooperating de-fendants." *Id.* Rueda-Espinal's conclusory assertion to the contrary is in-sufficient to create a constitutional issue. *See Pineda*, 988 F.2d at 23; *Ross*, 694 F.2d at 1011.

14

Yet even indulging an assumption of deficient performance, Rueda-Espinal again has not alleged how counsel's purporting failing prejudiced her. *See Day*, 566 F.3d at 540. Considering again that she does not seek to withdraw her guilty plea (Civ. Doc. 1, at 11), she does not say how reviewing this "missing" discovery would have resulted in a reasonable probability of a lesser sentence. *See Grammas*, 376 F.3d at 438. As with her first claim, Rueda-Espinal cannot meet her burden to establish deficient performance or prejudice.

## C.   Failing to Allow Rueda-Espinal to Review PSR

In her next claim, Rueda-Espinal asserts that counsel was ineffective by failing to allow her to review and lodge objections to the PSR. Civ. Doc. 1, at 4, 13. This claim is equally meritless and inaccurate.

Rueda-Espinal's conclusory assertion does not show deficient performance. *See Pineda*, 988 F.2d at 23; *Ross*, 694 F.2d at 1011. Once again directly contradicting Rueda-Espinal, counsel swears that he "thoroughly reviewed the Pre-Sentence Report and Objections with [her]." Civ. Doc. 7, at 2.

The record not only supports counsel; it proves the inaccuracy of Rueda-Espinal's claim. At sentencing, the Court directly asked Rueda-

Espinal if she had reviewed the PSR with her counsel. Crim. Doc. 172, at 3. Her sworn answer: Yes. *Id.* at 4. This Court cannot ignore her "[s]olemn declarations in open court[.]" *Blackledge*, 431 U.S. at 74.

The record likewise contradicts her claim that counsel failed to allow her to object to the PSR. Counsel filed numerous factual and legal objections to the PSR. Crim. Doc. 99. At sentencing, Rueda-Espinal never brought any additional objections to the Court's attention. Indeed, her primary focus—like her counsel's (*see infra* III.D)—was the Court's resolution of her objection to the aggravating-role enhancement. *See* Crim. Doc. 172, at 24 ("I know I'm not innocent, but I know I'm not guilty of being a leader or an organizer or being a money manager for an organization or nothing of that sort.").

Even now, Rueda-Espinal does not identify what additional objections she wished counsel would have made—or, for that matter, how they would have resulted in a reasonable probability of a lesser sentence. *See Grammas*, 376 F.3d at 438. Her silence further demonstrates that counsel performed effectively through his objections to the PSR. Accordingly, Rueda-Espinal again cannot demonstrate deficient performance or prejudice.

### D.   Failing to "Strongly Object" to the Aggravating-Role Enhancement

Next, Rueda-Espinal asserts that counsel was ineffective by "failing to make strong objections to" the aggravating-role enhancement under U.S.S.G. § 3B1.1. Civ. Doc. 1, at 5; *see also id.* at 14. Like the last claim, this one is both meritless and inaccurate.

As counsel correctly states in his affidavit, he "presented Ms. Rueda-Espinal's objections" to the PSR "and strongly advocated in her behalf" at sentencing. Civ. Doc. 7, at 2. In writing, counsel objected to the aggravating-role enhancement on the ground that Rueda-Espinal was an average participant. Crim. Doc. 99, at 2. Then, at length during sentencing, he vigorously contested the enhancement's application. Crim. Doc. 172, at 5–8, 17–18. Ultimately, he was partially successful: The court sustained the objection in part, applying a three-level enhancement under § 3B1.1(b) rather than the recommended four-level enhancement under § 3B1.1(a). *Id.* at 19.

Far from ineffectively, counsel performed effectively by persuading the Court not to apply the four-level enhancement as recommended. True, he was unsuccessful in persuading the Court against applying *any*

level of aggravating-role enhancement, but that does not constitute ineffective assistance. "[T]he mere fact that an objection is unsuccessful does not give rise to an ineffective assistance of counsel claim." *Salinas v. Johnson*, Civ. No. C-02-214, 2010 WL 3732059, at *9 (S.D. Tex. Sept. 20, 2010) (Jack, J.); *accord, e.g.*, *United States v. Hayward*, Nos. 4:14-cv-767-A, 4:12-cr-077-A, 2015 WL 615612, at *4 (N.D. Tex. Feb. 11, 2015) (citing *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam)). Because this hardly constitutes deficient performance, Rueda-Espinal's fourth claim fails.

### E.    Failing to File Requested Notice of Appeal

Finally, Rueda-Espinal argues that counsel was ineffective by failing to file a notice of appeal as she requested, and relatedly by failing to discuss her appellate options. Civ. Doc. 1, at 6, 15. Regardless of the latter, if Rueda-Espinal indeed requested her counsel to file a notice of appeal, counsel's failure to do so would be deficient performance. *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019). "When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal." *Id.* at 749. That is true regardless of any appeal's merit. *Id.* at 748.

In his affidavit, counsel states that he twice advised Rueda-Espinal of her right to appeal: first before sentencing, and again after sentencing. Civ. Doc. 7, at 2. After sentencing, Rueda-Espinal told counsel "she did not want to appeal." *Id.* According to counsel, she "never wrote or called the office after her sentence advising that she had changed her mind and now wanted to appeal"—that is, until filing the current § 2255 motion. *Id.* at 3.

The record seems to support counsel's version of events. After imposing sentence, this Court specifically admonished Rueda-Espinal regarding her right to appeal, including that she could have appointed appellate counsel. Crim. Doc. 172, at 32–33. Yet no notice of appeal was filed.

Nevertheless, the Fifth Circuit has held that an evidentiary hearing on a notice-of-appeal claim is required when the record consists of dueling affidavits. *United States v. Pena-Garavito*, 539 F. App'x 506, 507 (5th Cir. 2013) (per curiam); *United States v. Thomas*, 216 F.3d 1080 (table), 2000 WL 729135, at *1 (5th Cir. 2000) (per curiam). That being the case here, the Government requests an evidentiary hearing strictly limited to this claim.

## IV.   An Evidentiary Hearing on the First Four Claims Is Unnecessary

Although this Court should hold a hearing on Rueda-Espinal's notice-of-appeal claim, it is unnecessary for her first four ineffective-assistance claims.

A § 2255 motion may be resolved without an evidentiary hearing where the motion, files, and record of the case conclusively show that no relief is appropriate. *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). "If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further." *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (per curiam). In the particular context of an ineffective-assistance claim, a hearing is unnecessary when a district court can "conclude as a matter of law" on the current record "that the petitioner cannot establish one or both of the elements necessary to establish his constitutional claim[.]" *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009) (quotation marks and alterations omitted).

This Court can readily conclude based on the existing record that Rueda-Espinal's first four ineffective-assistance claims are meritless. It should deny these claims without holding an evidentiary hearing. Any hearing should be limited to her claim that counsel was ineffective by

failing to file a requested notice of appeal.

## V.    No Certificate of Appealability Should Issue

A defendant may obtain a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quotation marks omitted).

For all of the reasons outlined above, reasonable jurists could not disagree with this Court's denial of Rueda-Espinal's first four ineffective-assistance claims. None of the issues are adequate to deserve encouragement for further consideration. The Court thus should deny a COA on these first four claims. It should defer a COA ruling on Rueda-Espinal's notice-of-appeal claim until its final resolution.

## VI.   Conclusion

For these reasons, this Court should order an evidentiary hearing strictly limited to Rueda-Espinal's fifth ineffective-assistance claim—*i.e.*,

that counsel was ineffective by failing to file a requested notice of appeal. This Court should deny the remainder of Rueda-Espinal's motion, determine that an evidentiary hearing on those claims is unnecessary, and deny a COA on those claims.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

s/ Andrew R. Gould
ANDREW R. GOULD
Assistant United States Attorney
Attorney-in-Charge
Texas No. 24102713
Southern District of Texas No. 2403835
1000 Louisiana Street
Suite 2300
Houston, Texas  77002
Telephone: (713) 567-9102
Fax: (713) 718-3302
andrew.gould@usdoj.gov

## CERTIFICATE OF SERVICE

I, Andrew R. Gould, certify that on June 30, 2020, a true and correct copy of the above United States' Response to Defendant's 28 U.S.C. § 2255 Motion, and Request for a Limited Evidentiary Hearing was served via CM/ECF filing on the United States District Clerk for the Southern District of Texas.  Because of logistical constraints arising from the recent novel coronavirus outbreak, service by mail could not be completed on that date. Instead, on July 1, 2020, a true and correct copy of the document was served via United States certified mail, return receipt requested, on the following:

Aleida Suyapa Rueda-Espinal
Reg. No. 92424-179
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127


s/ Andrew R. Gould
ANDREW R. GOULD
Assistant United States Attorney